# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ETHAN W. MOORE,**

              **Petitioner,**

        **v.**                                    **Case No. 19-CV-1354**

**STATE OF WISCONSIN,**

              **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Ethan W. Moore, filed a petition for a writ of habeas corpus. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Moore seeks to challenge his 2016 convictions for his third offense of operating a motor vehicle while intoxicated and bail jumping.[1] At least four issues are immediately identifiable with his petition that Moore must address before the court can find his petition sufficient to proceed.

---

[1] Although these offenses were charged in two separate cases and appear to have resulted in separate judgments of conviction, the court accepts for present purposes that they may be challenged in a single habeas petition because it appears the judgments were of the same court. *See* Rule 2(e) of the Rules Governing Section 2254 Cases.

First, Moore's filings are a confusing hybrid of his self-drafted documents, the court's standard form "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody", and a self-drafted purported amended petition. In his self-drafted documents, Moore alludes to potential claims that are not identified as claims on the portions of the court's standard form he filed. And Moore's purported amended petition is insufficient to fully replace his earlier petition as an amended petition must. Rather, it is best regarded as a supplement to his petition. But the court does not permit such piecemeal pleading. The court requires all persons seeking habeas corpus relief to use this court's standard form. Civ. L.R. 9(a)(1) (E.D. Wis.). Therefore, Moore must submit an amended petition using the court's standard form.

Second, the only claim Moore identifies on the portions of the court's form he filed is a claim that his rights under the Fourth Amendment were violated when police drew his blood. (ECF No. 1-1 at 3.) But "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). "A petitioner has had the benefit of such an opportunity so long as (1) he clearly apprised the state court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those

2

facts." *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005) (citing *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992); *Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003); *Hampton v. Wyant*, 296 F.3d 560, 563-64 (7th Cir. 2002)). As a result, if a petitioner was able to fully litigate a Fourth Amendment claim in state court, a federal court usually cannot grant habeas relief on the claim, even if the federal court found the state court's decision was wrong. *Hampton v. Wyant*, 296 F.3d 560, 564 (7th Cir. 2002).

Third, Moore states he was sentenced on June 6, 2016 to "(8) months, consecutive to 45 days." This suggests that he was released from custody in March of 2017. Moore has provided a judgment of conviction for the bail jumping case (ECF No. 1-2 at 1) but not for the OWI offense. A federal court is empowered to grant habeas relief to a state petitioner only if he is "in custody." Although "custody" encompasses more than confinement in a prison or jail, it does not include all manner of punishment that might result from a conviction. *See, e.g.*, *Virsnieks v. Smith*, 521 F.3d 707, 717-20 (7th Cir. 2008); *Fischer v. Ozaukee Cty. Circuit Court*, 741 F. Supp. 2d 944, 959 (E.D. Wis. 2010). Apparently anticipating this issue, Moore notes the custody requirement in his "amended" petition. (ECF No. 3 at 1-2.) But he does not explain how he believes he satisfies the requirement.

Finally, it appears that Moore has failed to exhaust his remedies in the state courts. According to online court records, there are two appellate cases related to an OWI conviction: 2016XX001228 and 2015XX000444. Neither resulted in a decision on the

merits of Moore's claim. One of these cases, 2016XX001228, is also associated with the bail jumping conviction. It is the only appellate case associated with his bail jumping conviction. Again, apparently anticipating this defect, Moore addresses exhaustion in his "amended" petition. The court understands Moore to be arguing that his failure to exhaust his state court remedies should be excused because "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). However, Moore does not provide enough detail for the court to accept this conclusion. For example, he does not provide specific details of all the steps he has taken to exhaust his state court remedies, when he undertook those steps, and the result of each effort.

Therefore, the Clerk shall provide Moore with a copy of the court's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" form. If Moore wishes to proceed, he must complete this form in full and return it to the court no later than **November 6, 2019**. This will constitute Moore's amended petition. It will take the place of his previously filed petition. Therefore, the amended petition must be complete by itself without attempting to incorporate by reference any previously filed document. **<u>Failure to submit a complete amended petition by November 6, 2019, will result in this action being dismissed</u>**.

No later than **November 6, 2019**, Moore must show cause (1) why his petition should not be dismissed both because he failed to exhaust his state court remedies and

because he is no longer in custody and, (2) if he wishes to pursue his Fourth Amendment claim, explain how the proceedings in the state court failed to provide him an opportunity for full and fair litigation of his Fourth Amendment claim. This submission is in addition to his amended petition. **Failure to show cause by November 6, 2019 as to why his petition should not be dismissed will result in this action being dismissed**.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. The respondent is not required to respond to the petition. However, no later than **November 6, 2019,** the respondent must complete and file the "Consent to Proceed Before a Magistrate Judge" form.

No later than **November 20, 2019**, the respondent may, but is not required to, respond to Moore's response to the court's order to show cause.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 8th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge